UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| MAPLE LEAF MARKETING, INC., | : | |
| Plaintiff/Counterclaim-Defendant, | : | Court No. 20-03839 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant/Counterclaim-Plaintiff. | : | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT UNITED STATES

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States of America, defendant, responds to the allegations of the complaint by plaintiff and Counterclaim-Defendant Maple Leaf Marketing, Inc. as follows:

1) Admits the allegation is a statement of plaintiff's claim but denies its validity.

2) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

3) Admits with respect to those entries listed in plaintiff's Amended Summons. ECF no. 20.

4) Admits to the extent supported by the statutory provision cited, which is the best evidence of its contents, but otherwise denies.

5) Admits U.S. Customs and Border Protection (CBP) denied Protest Nos. 3310-20-100114 and 3310-20-100115 on October 30, 2020. The remainder of the allegation in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

1

To the extent a response is required, admits with respect to those entries listed in the Amended Summons. ECF no. 20.

6) Admits that Maple Leaf Marketing, Inc. is a corporation with its principal place of business at 401 West Texas Ave., Suite 917, Midland, Texas 79701, and that Maple Leaf Marketing, Inc. is the importer of the subject processed steel tubing at issue in this case. Otherwise, denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

7) Admits.

8) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

9) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

10) Admits that the subject merchandise was imported into the United States by Maple Leaf Marketing Inc. in 2018 and 2019 but denies the remainder of the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

11) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

12) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

13) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

14) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

15) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required for the legal argument and/or conclusions of law, denies.  To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

16) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

17) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required for the legal argument and/or conclusions of law, denies.  To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

18) Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

19) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required for the legal argument and/or conclusions of law, denies.  To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

20) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

21) With respect to the first sentence, admits that for certain entries in this case treatment was claimed under subheading 9802.00.50 of the Harmonized Tariff Schedule of the United States (HTSUS), which provides the best evidence of its contents, but otherwise denies. The second sentence constitutes a legal argument and/or conclusion or law and no response is required. To the extent a response is necessary, denies.

22) Denies with respect to entries listed in the Amended Summons (ECF no. 20), which were auto-liquidated under subheading 9802.00.50, HTSUS. With respect to Entry Nos. 551-88561977, 551-88100321, 551-88184747, and 551-89134360, further denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation because those entries contain multiple line items, and it is unclear which line item Maple Leaf is referring to in this allegation.

23) The responses to the allegations of paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

25) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

26) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

27) Admits to the extent supported by the statutory provisions cited, which are the best evidence of their contents, but otherwise denies.

28) Admits to the extent supported by the statutory provision cited, which is the best evidence of its contents, but otherwise denies.

29) Admits to the extent supported by the regulatory provision cited, which is the best evidence of its contents, but otherwise denies.

30) This allegation consists or legal argument and/or conclusions of law and no response is required. To the extent a response is necessary, admits to the extent supported by the statutory and regulatory provisions cited, which are the best evidence of their contents, but otherwise denies.

31) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

32) The responses to the allegations of paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

33) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

34) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required for the legal argument and/or conclusions of law, denies. To the extent there are portions of this paragraph that may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to their truthfulness.

35) The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

## PLAINTIFF'S PRAYER FOR RELIEF

The paragraphs captioned "Prayer for Relief" constitute Maple Leaf's prayer for relief, to which no response is required. To the extent a response is required, denies that Maple Leaf is entitled to the relief requested.

## COUNTERCLAIM

Pursuant to Rule 13(a) of the Rules of the U.S. Court of International Trade, the United States, through U.S. Customs and Border Protection, alleges the following counterclaim:

## CAUSE OF ACTION[1]

1.  Defendant/counterclaim plaintiff, United States (the Government), brings this counterclaim pursuant to 19 U.S.C. §§ 1503, 1505(b) & (c), the tariff code (19 U.S.C. § 1202 *et seq*.), and 28 U.S.C. §§ 1582(3), 1583, 2643(b) & (c), seeking an order from the Court reclassifying the imported merchandise under subheading 7306.29.60, HTSUS, or 7304.29.50, HTSUS, and secondarily reclassifying under 9903.80.01, HTSUS, and to remove the classification under subheading 9802.00.50, HTSUS.  Pursuant to this reclassification of the imported merchandise, the Government seeks the recovery of approximately $760,000.00, plus interest as provided by law, including interest pursuant to 19 U.S.C. § 1505(b), (c), and all pre- and post-judgment interest provided by law, from Maple Leaf Marketing, Inc.

## JURISDICTION

2.  This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1582(3) and § 1583.

---

[1] The government notes the Court's recent decisions in *Second Nature Designs, Ltd. v. United States*, 586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022) and *Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022), where the Court held that the Government lacks a cause of action to assert counterclaims for underpaid duty on the same merchandise for which plaintiff claims a duty refund.  Although the Court in both cases redenominated the Government's counterclaims as defenses, we assert a counterclaim in this case, asking the Court to order CBP to reliquidate the subject entries with bills (rather than refunds as claimed by plaintiff), to preserve our rights, should this legal question be appealed.

## PARTIES

3. Plaintiff/Counterclaim-Defendant, Maple Leaf Marketing, Inc., is a corporation with its principal place of business at 401 West Texas Ave., Suite 917, Midland, Texas 79701.

4. Maple Leaf Marketing, Inc. is the importer of the subject processed steel tubing at issue in this case.

5. Defendant/Counterclaim-Plaintiff, the United States, through U.S. Customs and Border Protection, is charged with enforcing the HTSUS, including classifying goods imported into the United States.

## STATEMENT OF FACTS

6. At the time of entry, CBP auto-liquidated the entries listed in the Amended Summons (ECF no. 20), under subheading 9802.00.50, HTSUS, which provides for "[a]rticles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means: [a]rticles exported for repairs or alterations: . . . [o]ther".

7. Upon information and belief, the merchandise in the entries listed in the Amended Summons that was classified at the time of liquidation under subheading 9802.00.50, HTSUS (hereinafter the "merchandise subject to counterclaim") consists of steel pipes that, prior to their importation into the United States, were subjected to processing in Canada.

8. Upon information and belief, prior to its processing in Canada, the merchandise subject to this counterclaim is imported into Canada in a state that is unsuitable for commercial use as what is known as Oil Country Tubular Goods (OCTG) in the United States oil and gas industry.

## COUNT I

9. Paragraphs 1 through 7 are incorporated by reference and restated as though fully set forth herein.

10. The merchandise subject to counterclaim is not classifiable under subheading 9802.00.50, HTSUS.

11. The merchandise subject to counterclaim is classifiable under subheading 7306.29.60, HTSUS, or 7304.29.50, HTSUS, and it is secondarily classified under 9903.80.01, HTSUS.

12. Subheading 9802.00.50, HTSUS, provides:

> "[a]rticles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means: [a]rticles exported for repairs or alterations: . . . [o]ther."

13. U.S. Note 3(a) to Chapter 98 (the "Note"), which provides in relevant part:

> Articles repaired, altered, processed or otherwise changed in condition abroad. – The following provisions apply only to subheadings 9802.00.40 through 9802.00.60, inclusive:
>
> (a) The value of repairs, alterations, processing or other change in condition outside the United States shall be:
>   (iii)   The cost to the importer of such change; or
>   (iv)    If no charge is made, the value of such change,
>
> as set out in the invoice and entry papers; except that, if the appraiser concludes that the amount so set out does not represent a reasonable cost or value, then the value of the change shall be determined in accordance with section 402 of the Tariff Act of 1930, as amended.
>
> **********
>
> (d) For the purposes of subheadings 9802.00.40 and 9802.00.50, the rates of duty in the "Special" subcolumn of column 1 followed by the symbol "CA" or "MX" in parentheses shall apply to any goods which are returned to the United States after having been repaired or altered in Canada or in Mexico, respectively, whether or not such goods are goods of Canada or goods of Mexico under the terms of general note 12 to the tariff schedule.

14.     19 C.F.R. § 181.64(b) provides that subheading 9802.00.50, HTSUS, "shall not apply to goods which, in their condition as exported from the United States to Canada or Mexico, are incomplete for their intended use and for which the processing operation performed in Canada or Mexico constitutes an operation that is performed as a matter of course in the preparation or manufacture of finished goods."

15.     The merchandise subject to counterclaim was an unfinished good at the time of its importation into Canada for processing prior to its importation into the United States.  In its condition as exported from the United States to Canada, the merchandise subject to counterclaim was incomplete for its intended use and for which the processing operation performed in Canada constituted an operation that is performed as a matter of course in the preparation or manufacture of finished goods.

16.     After undergoing processing in Canada, the merchandise subject to counterclaim transforms into a new article of commerce, with a new name, character, and use.

17.     The merchandise subject to counterclaim, which is processed in Canada prior to importation in the United States, is a product of Canada.

18.     Pursuant to subheading 9802.00.50, HTSUS, and 19 C.F.R. § 181.64(b), the merchandise subject to counterclaim is not eligible for classification under subheading 9802.00.50, HTSUS.

**PRAYER FOR RELIEF**

**WHEREFORE**, defendant respectfully requests that this Court grant judgment in its favor, and further requests that this Court:

i. Dismiss Maple Leaf Marketing, Inc.'s claims for all subject entries listed in the Amended Summons (ECF no. 20);

ii. Enter judgment for defendant and order the reliquidation of the entries listed in the Amended Summons (ECF no. 20) reclassifying any merchandise in these entries that was classified at the time of liquidation under subheading 9802.00.50, HTSUS, to remove the classification under subheading 9802.00.50, HTSUS;

iii. Order Maple Leaf Marketing, Inc. to pay all additional duties, taxes, and fees determined to be due on reliquidation, with interest as provided by law, including interest pursuant to 19 U.S.C. § 1505(b), (c), and all pre- and post-judgment interest provided by law; and

iv. Grant Defendant/Counterclaim-Plaintiff such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Guy R. Eddon
GUY R. EDDON
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Attorneys for Defendant
(212) 264-9232

Dated: January 20, 2023