Slip Op. 23-90

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MAPLE LEAF MARKETING, INC.,     Plaintiff, v. UNITED STATES,     Defendant, UNITED STATES,     Counterclaimant, v. MAPLE LEAF MARKETING, INC.,     Counterclaim Defendant. | Before: Claire R. Kelly, Judge Court No. 20-03839 |

## OPINION AND ORDER

[Granting Plaintiff's request to redesignate Defendant's counterclaim as a defense.]

Dated: June 14, 2023

John M. Peterson, Richard F. O'Neill, and Patrick B. Klein, Neville Peterson LLP, of New York, NY, for plaintiff Maple Leaf Marketing, Inc.

Justin R. Miller, Attorney-in-Charge, Aimee Lee, Assistant Director, and Guy Eddon, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY for defendants United States. On the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, and Patricia M. McCarthy, Director.

Kelly, Judge: Before the court is Plaintiff Maple Leaf Marketing, Inc.'s ("Maple Leaf") motion to dismiss Defendant U.S. Customs and Border Protection's ("CBP") counterclaim, and to redesignate the counterclaim as a defense pursuant to U.S. Court of International Trade Rule 8(d)(2). For the following reasons, CBP's counterclaim is redenominated as a defense, and Maple Leaf's motion to dismiss is denied as moot.

## BACKGROUND[1]

Maple Leaf is the importer and distributor of boronized steel tubing used in the oil and gas industry. Compl. ¶¶ 6, 8, Sept. 23, 2022, ECF No. 10; Answer and Counterclaim of Defendant United States, ¶¶ 6, 8, Jan. 20, 2023, ECF No. 21 ("Answer"). Maple Leaf's Canadian vendor, Endurance Technologies Inc. ("ETI") receives U.S.-manufactured tubes from U.S. vendors. Compl. ¶¶ 11–13; Answer ¶¶ 11–13. ETI then boronizes the tubes in Canada, which enhances the tubes' corrosion resistance and overall suitability for use in oil drilling. Compl. ¶¶ 16–17; Answer ¶¶ 16–17. Maple Leaf then imports the boronized steel tubing from Canada. Compl. ¶ 20; Answer ¶ 20.

Upon importation, Maple Leaf sought classification under subheading 9802.00.50 of the Harmonized Tariff Schedule of the United States ("HTSUS") as "[a]rticles returned to the United States after having been exported to be advanced

---

[1] The facts set forth in this background section are taken from the Complaint and Counterclaim, see ECF Nos. 10 & 21, which are assumed to be true for the purposes of this opinion and order.

in value or improved in condition by any process of manufacture or other means: Articles exported for repairs or alterations: Other [than pursuant to a warranty]." Compl. ¶ 21; Answer ¶ 21. Goods entering the United States under this classification are eligible for reduced duty treatment, such that duties would only be imposed on the value of the repairs or alterations made to the tubes while they underwent boronization in Canada. See 19 C.F.R. § 181.64(a). CBP liquidated Maple Leaf's entries from Canada under subheadings other than 9802.00.50, HTSUS, and imposed special duties under Section 232 of the Trade Expansion Act. Compl. ¶ 22; Answer ¶ 22. CBP subsequently denied Maple Leaf's protests. Compl. ¶ 1, 5; Answer ¶ 1, 5.

Maple Leaf commenced this action, asserting jurisdiction under 28 U.S.C. § 1581(a). Compl. ¶¶ 2, 4; Answer ¶¶ 2, 4. CBP did not raise any defenses in its answer, but brought a counterclaim against Maple Leaf pursuant to 19 U.S.C. §§ 1503, 1505(b) & (c), the tariff code (19 U.S.C. § 1202 et seq.), and 28 U.S.C. §§ 1582(3), 1583, 2643(b) & (c), seeking to deny the applicability of subheading 9802.00.50, HTSUS, and reliquidate entries under subheading 7306.29.6, 7304.29.50, or 9903.80.01, HTSUS. Answer at 7. Maple Leaf moves to dismiss CBP's counterclaim and designate it as a defense, and Defendant opposes Maple Leaf's motion. See Pl.'s Mot. Dismiss Answer and Redesignate as Defense, Feb. 10, 2023, ECF No. 22 ("Pl. Br."); Def.'s Mem. Opp. Pl.'s Mot. Dismiss Answer, Mar. 31, 2023, ECF No. 27 ("Def. Br.").

Court No. 20-03839                                                                                               Page 4

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (2018) over a claim contesting the denial of a protest under 19 U.S.C. § 1514(a).[2]  Pursuant to 28 U.S.C. § 1583, the Court may also exercise jurisdiction over "any counterclaim, cross-claim, or third-party action of any party" if the claim involves the same merchandise that is the subject matter of the original civil action. 28 U.S.C. § 1583.  U.S. Court of International Trade Rule 8(d)(2) provides that when a party mistakenly designates a defense as a counterclaim, the "court must, if justice requires, treat the pleading as though it were correctly designated." U.S. Ct. Int'l Trade R. 8(d)(2).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted brought under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a motion to dismiss, the Court assumes all well-pleaded factual allegations in the counterclaim to be true, and draws all reasonable inferences in favor of the non-moving party.  Wanxiang Am. Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021).

---

[2] Further Citations to the Tariff Act of 1930, as amended are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

Court No. 20-03839 Page 5

## DISCUSSION

Maple Leaf urges the Court to dismiss and redesignate CBP's counterclaim as a defense, because no statute cited by CBP establishes a cause of action. See Pl. Br. at 5. Defendant argues that some combination of 19 U.S.C. §§ 1202, 1503, 1505(b) & (c), 1514(a) and 28 U.S.C. §§ 1582(3), 1583, 2643(b) & (c) give it authority to assert a counterclaim and seek reliquidation under a different classification.[3] See Def. Br. at 5–6. For the following reasons, the Court redesignates CBP's counterclaim as a defense, and denies Maple Leaf's motion to dismiss as moot.

Congress has created specific remedies allowing CBP to classify, re-classify, and collect duties on goods imported into the United States. See generally 19 U.S.C. §§ 1500, 1501, 1504, 1505, 1509, 1515, 1581–1631. Nowhere in this scheme does Congress explicitly authorize the United States to assert a counterclaim challenging CBP's classification. The Court has previously held that Defendant does not have a cause of action to assert a counterclaim against CBP, see Cyber Power Systems (USA) Inc. v. United States, 586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022); see also Second

---

[3] Defendant acknowledges this Court's recent decisions Second Nature Designs, Ltd. v. United States, 586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022), and Cyber Power Systems (USA) Inc. v. United States, 586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022), stating "[a]lthough the court in both cases redenominated the Government's counterclaims as defenses, we assert a counterclaim in this case, asking the court to order CBP to reliquidate the subject entries [and] to preserve our rights, should this legal question be appealed." Answer at 7 n.1.

Nature Designs, Ltd. V. United States, 586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022), and now reaffirms the reasoning and conclusions of Cyber Power and Second Nature.

Defendant cites to 19 U.S.C. § 1202 to support its purported counterclaim, arguing that CBP is charged with collecting duties "based on the correct classification of merchandise." Def. Br. at 5–6. Section 1202 simply sets forth the Harmonized Tariff Schedule, and nothing in the language of the section creates a cause of action for the United States to challenge CBP's classification. See Cyber Power, 586 F. Supp. at 1331 ("Nothing in the plain, unambiguous terms of Section 1202 permits the United States to challenge CBP's classification via a counterclaim").

Equally inapposite is 19 U.S.C. § 1503, which concerns reliquidations ordered by the U.S. Court of International Trade. See 19 U.S.C. § 1503. Defendant offers no argument to support its claim that § 1503 creates a cause of action. See Def. Br. at 4. Section 1503 relates to the valuation, rather than the classification of imports, and contains no language authorizing a counterclaim. See Cyber Power, 586 F. Supp. at 1331.

Section 1514(a) provides that liquidation is not final when an importer challenges CBP's determinations. See 19 U.S.C. § 1514(a). Although a timely protest under § 1514 suspends the finality of liquidation for all parties, the section does not imply that the United States may assert a counterclaim challenging CBP's classification. See Cyber Power, 586 F. Supp. at 1331–32. Section 1514 provides

importers with a formal mechanism to protest customs decisions, but Defendant enjoys no such right to challenge classifications post-liquidation. See id.

Defendant cites to §§ 1582–83 as additional bases for its counterclaim. See Def. Br. at 12–19. Section 1582 specifies that the U.S. Court of International Trade has exclusive jurisdiction over claims commenced by the United States to recover customs duties. See 28 U.S.C. § 1582(3). This provision is jurisdictional, and does not create any cause of action. Similarly, § 1583 gives the Court jurisdiction over counterclaims. See 28 U.S.C. § 1583. Section 1583 is also purely jurisdictional, providing the U.S. Court of International Trade with "exclusive jurisdiction to render judgment upon any counterclaim." 28 U.S.C. § 1583; see Cyber Power, 586 F. Supp. at 1332–33. The statute empowers the Court, not the Defendant. See Cyber Power, 586 F. Supp. at 1333 ("Congress only provided the U.S. Court of International Trade with jurisdiction to hear such counterclaims, to the extent such claims are properly brought as counterclaims. . . . Congress did not provide the United States with any statutory authority to assert counterclaims challenging the liquidated classification and duty rate"). Thus, § 1583 does not serve as a statutory basis for a cause of action.

Defendant also cites for support 28 U.S.C. § 2643(b) & (c), which provide that the U.S. Court of International Trade may "order a retrial or rehearing for all purposes, or may order further administrative or adjudicative procedures as the Court considers necessary to enable it to reach the correct decision" and may "order any other form of relief that is appropriate in a civil action." 28 U.S.C. § 2643 (b),

(c)(1); see Def. Br. at 18. Section 2643 empowers the U.S. Court of International Trade to take various actions and provide specified forms of relief to litigants. Defendant does not specify how this section creates substantive rights. See Def. Br. at 18. Thus, the plain language of the statute empowers the Court, not litigants, and does not create a cause of action.

Defendant has failed to assert a valid statutory basis to support its cause of action, and therefore has failed to state a claim upon which relief can be granted. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. However, U.S. Court of International Trade Rule 8(d)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." U.S. Ct. Int'l Trade R. 8(d)(2). In accordance with the Court's previous determinations in Cyber Power and Second Nature, the Court re-designates Defendant's counterclaim as a defense. The Court therefore denies Maple Leaf's motion to dismiss the Defendant's counterclaim as moot, and grants Maple Leaf's motion to redesignate the counterclaim as a defense pursuant to Rule 8(d)(2).

## CONCLUSION

In accordance with the foregoing, it is

**ORDERED** that Defendant's counterclaim is redenominated as a defense; and it is further

**ORDERED** that Plaintiff's motion to dismiss is DENIED as moot.

                                                /s/ Claire R. Kelly
                                                Claire R. Kelly, Judge

Dated:      June 14, 2023
              New York, New York